UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Stevens, #117557 ) | C/A No.   0:07-03590-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| Ernest Wilson; South Carolina Dept. of Corrections; ) | |
| Ridgeville Police Dept.; ) | |
| ) | |
| Defendant(s). ) | |
| _____) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and has filed this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants Ernest Wilson, the South Carolina Department of Corrections and the Ridgeville Police Department.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant,  his pleadings are accorded liberal construction. *Hughes v. Rowe*,



449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978); *Hughes v. Rowe*, 449 U.S. at 5. Even under this less stringent standard, however, this *pro se* complaint still is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990). Further, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

## Discussion

Plaintiff asserts a claim against the Defendants for damages and injunctive relief based on an alleged deprivation of his property through the taking of $300 worth of canteen items from his cell. However, while the Due Process Clause of the Fourteenth Amendment does provide that no State shall "deprive any person of ... property, without due process of law," the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to property. *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law). Moreover, even an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984). Plaintiff does not allege that the deprivation here was authorized, and indeed specifically alleges that it was in *violation* of the applicable rules and regulations.



The Court of Appeals for the Fourth Circuit has determined that "a post-deprivation remedy sufficient to satisfy due process requirements" exists in South Carolina; *McIntyre v. Portee*, 784 F.2d at 567 (4th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986)); and prisoners may bring an action in state court for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d at 567. Therefore, whether Plaintiff's claim of lost property is based on a negligence theory or was the result of an alleged intentional unauthorized act, this federal case should be dismissed because plaintiff has failed to present a cognizable § 1983 claim to this Court.[1]

### Recommendation

Accordingly, it is recommended that the Court dismiss this complaint *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F. 2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F. 2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should

---

[1] A civil action for negligence would be cognizable in this court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements were satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. However, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). As Plaintiff's claim fails to meet these requirements, he cannot bring this claim under § 1332. Further, absent any basis for federal jurisdiction, there are no grounds for this Court to maintain jurisdiction over any state law tort claims Plaintiff may be asserting.



review prisoner cases to determine whether they are subject to summary dismissal).

                                        Bristow Marchant
                                        United States Magistrate Judge

November 26, 2007

Columbia, South Carolina

        **Plaintiff's attention is directed to the important notice on the next page.**



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

