UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Stevens, #117557 ) | C/A No.   0:07-03590-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | SUPPLEMENTAL |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Ernest Wilson; South Carolina Dept. of Corrections; ) | |
| Ridgeville Police Dept.; ) | |
| ) | |
| Defendant(s). ) | |
| _____) | |

David Stevens (Plaintiff), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983.  A Report and Recommendation for summary dismissal was entered in this case on November 26, 2007, and Plaintiff was advised of the time period for filing objections. (Docket Entry # 11.)  On December 10, 2007, Plaintiff filed his objections.  (Docket Entry # 14.)  By Order dated April 25, 2008, the Honorable Joseph F. Anderson, Jr., United States District Judge, referred the case back to the undersigned to address "the other claims of the plaintiff regarding the Ridgeville Police Department's alleged violation of procedural due process concerning plaintiff's request for an arrest warrant." (Docket Entry # 16.)

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV.  A § 1983 action for violation of procedural due process must include deprivation by state action of life, liberty or property and a lack of due process.  *See Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990).  In the complaint, Plaintiff alleges that he applied for an arrest warrant at the Ridgeville Police Department, and that his request was denied.  (Compl. at 4.)   Plaintiff further



states that he sent two letters and an affidavit to the Ridgeville Police Department seeking the arrest of Defendant Wilson and that he received no response. (Compl. at 5-6.)

While Plaintiff asks for damages from the Ridgeville Police Department for a procedural due process violation, he has failed to identify a deprivation by the Ridgeville Police Department of a right under the Fourteenth Amendment. (Compl. at 6- 7.) Rather, Plaintiff merely alleges that the Ridgeville Police Department did not issue an arrest warrant as he desired. This is not a deprivation of life, liberty or property without due process.

"In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) . The decision whether or not to prosecute a case, and what charge to file or bring, generally rests within the prosecutor's discretion. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Hence, because Plaintiff lacks a judicially cognizable interest in the prosecution of Defendant Wilson, he fails to allege a violation of his constitutional rights by the Ridgeville Police Department, and this complaint should be dismissed.

### Recommendation

Accordingly, it is recommended that the Court consider this supplemental Report in conjunction with the Report issued November 26, 2007, and dismiss this complaint *without prejudice* and without issuance and service of process.

Bristow Marchant
United States Magistrate Judge

April 30, 2008
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**



2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

