IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| David Stevens #117557, ) | C/A No.: 0:07-3590-JFA-BM |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| Ernest Wilson; South Carolina Dept. of ) | |
| Corrections; Ridgeville Police Dept.; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The pro se plaintiff, David Stevens, is an inmate at Lieber Correctional Institution ("Lieber"), a facility of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 against defendants Ernest Wilson ("Officer Wilson"), the SCDC, and the Ridgeville Police Department. The plaintiff contends that the SCDC and Wilson, a correctional officer at Lieber, unlawfully deprived him of three hundred dollars worth of canteen items during a cell search on July 12, 2007 in violation of the Due Process Clause of the Fourteenth Amendment. Further, he claims the Ridgeville Police Department violated his procedural due process rights by refusing requests he made that a warrant be issued for Officer Wilson's arrest.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no

1

Recommendation and a Supplemental Report and Recommendation ("Reports") wherein he suggests that this court should grant the defendants' motion for summary judgment.[2] The Reports recommend that even though the plaintiff is representing himself *pro se* and is entitled to have his complaint analyzed under a liberal construction, summary judgment is warranted. See Weller v. Dep't of Soc. Servs., 901 F. 2d 387 (4th Cir. 1990).

Examining the plaintiff's allegation that he was unlawfully deprived of three hundred dollars worth of canteen items, the Reports suggest there is no claim cognizable in federal court. If Stevens claims the alleged deprivation of canteen items was due to negligence, he has no claim under 42 U.S.C. § 1983. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-03 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law). Further, even if the plaintiff alleges the deprivation of canteen items was intentional, as his complaint suggests, if a meaningful post-deprivation remedy for loss is available, the intentional deprivation of property does not violate the Due Process Clause. Hudson v. Palmer, 468 U.S. 517 (1984). Because the Fourth Circuit Court of Appeals has determined that "a post-deprivation remedy sufficient to satisfy due process requirements" exists in South Carolina, the Reports concluded that Stevens' claim is not

---

presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.

2

cognizable in Federal Courts, and if filed, should be filed in state court. McIntyre v. Portee, 784 F.2d at 567 (4th Cir. 1986) (citing Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986)).

The Reports also find that Stevens' claims against the Ridgeville Police Department concerning his request for an arrest warrant are not cognizable in federal court. The Reports note that the decision to bring charges and what charges to bring generally rests within the prosecutor's discretion, and that private citizens have no legally identifiable interest in the prosecution or non-prosecution of another individual. See Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); Linda R. v. Richard V., 410 U.S. 614, 619 (1973).

The Reports set forth in detail the relevant facts and standards of law on these matters, and the court incorporates such without a full recitation.

The plaintiff was advised of his right to file objections to the Reports. He filed timely objections[3] to the Report. Finding no merit to any of the objections, the court overrules them and adopts the Reports.

After a careful review of the record, the applicable law, the Reports, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly,

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

the Reports are incorporated herein by reference and the case is dismissed without prejudice and without issuance and service of process.

    IT IS SO ORDERED.

July 29, 2008　　　　　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　　　United States District Judge